IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BASHIR V. LODING,

                    Plaintiff,

        vs.

JAMES E. SCHAEFER, Attorney; and
ROBERT SCHAEFER,

                    Defendants.

**8:21CV153**

**MEMORANDUM
AND ORDER**

Plaintiff Bashir Loding is currently incarcerated at the Tecumseh State Prison. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 6), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff sues two criminal defense attorneys who represented him in a state criminal case "for their negligence" and "ineffective assistance of counsel" in preventing Plaintiff from accessing records his counsel obtained from Plaintiff's employer. According to Plaintiff, such records would have provided an alibi for Plaintiff's alleged criminal conduct; would have corrected the "admission of false testimony"; and would have caused the jury to disbelieve the state's witnesses. (Filing 1 at CM/ECF pp. 1, 3-5.) For relief, Plaintiff requests an investigation of the court officials, prosecutor, and defense counsel involved in his state criminal proceedings, as well as the release of the alibi evidence allegedly concealed by his defense counsel. (Filing 1 at CM/ECF p. 5.)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a prisoner may not recover damages in a 42 U.S.C. § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into

question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff has not alleged that his conviction or sentence has been reversed, expunged, or called into question by a writ of habeas corpus. Plaintiff asks the court to investigate his state criminal proceedings which would reveal, according to Plaintiff, an alibi hidden by his own counsel that would demonstrate the unconstitutional ineffectiveness of his counsel and would have precluded his criminal conviction. The relief Plaintiff is seeking implicates the validity of his current confinement and continued imprisonment. Thus, his claims for relief are barred by *Heck v. Humphrey* and must be dismissed. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n.2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist); *see also Longs v. McManaman*, No. 4:18CV3161, 2019 WL 2717714, at *5 (D. Neb. June 28, 2019) ("Plaintiff's claims that he was deprived of his constitutional rights in the course of state criminal proceedings . . . necessarily implicate the validity of his conviction and sentence" and are therefore barred by *Heck v. Humphrey*).

To the extent Plaintiff challenges his conviction and sentence based on ineffective assistance of counsel, such a claim "is improper outside of the habeas context under *Rooker-Feldman. See Prince v. Ark. Bd. of Examiners of Psychology*, 380 F.3d 337, 340 (8th Cir. 2004) (noting that under *Rooker-Feldman* federal district courts cannot review state court judgments except for in the context of habeas corpus petitions)."[1] *Liedtke v. Runningen*, No. CV 15-3361, 2016 WL 5660455, at *8 n.6

---

[1] *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

(D. Minn. Sept. 29, 2016), *aff'd,* 697 F. App'x 468 (8th Cir. 2017); *see also Sherman v. Hot Spring Cty.*, No. 13-6049, 2015 WL 1208618, at *9 (W.D. Ark. Mar. 17, 2015) ("A claim of ineffective assistance of counsel is one that should be brought in a habeas case. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief."); *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) ("to the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds, his federal-court recourse is to file a habeas corpus action").

Further, Plaintiff's criminal defense counsel cannot be characterized as "state actors" for purposes of 42 U.S.C. § 1983 when they were performing the traditional role of defense counsel. *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) ("The attorneys who represented Myers, whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983."); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation."); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.[2]

---

[2] Because Plaintiff's Complaint fails to state a federal claim upon which relief may be granted, the court need not discuss whether a plausible claim for relief is stated under Nebraska law. Without a viable federal question to decide, the court will not exercise its supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state-law claims). Further, the Complaint contains no allegations suggesting that this court has diversity jurisdiction over this matter. 28 U.S.C. § 1332.

Accordingly,

IT IS ORDERED:

1.     This case is dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

2.     Judgment will be entered by separate document.

3.     Plaintiff's pending Motions (Filings 7, 8, 10, 12) are denied as moot.

DATED this 8th day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge